854 P.2d 775

**In the Matter of a Disbarred Member of
the State Bar of Arizona, Philip
JONES, Respondent.**

No. SB–93–0028–D.
Comm. No. 90–1988.

Supreme Court of Arizona.

June 17, 1993.

———

Harriet L. Turney, Chief Bar Counsel,
for State Bar of Arizona.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **PHILIP JONES**, a disbarred member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **PHILIP JONES** shall be assessed the costs of these proceedings in the amount of $282.80.

EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION OF THE
SUPREME COURT OF ARIZONA

Comm. No. 90–1988

In the Matter of

Philip Jones,

a Disbarred Member of the

State Bar of Arizona,

Respondent.

DISCIPLINARY COMMISSION REPORT

[Filed March 10, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on January 9, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of disbarment. No objections to the Hearing Committee's recommendation were filed.

*Decision*

By a unanimous vote of nine aye, the Commission adopts the recommendation of the Hearing Committee that Respondent be disbarred. The Commission also unanimously adopts the findings of fact and

conclusions of law of the Hearing Committee.

### Facts

Respondent represented Client A in the handling of his father's estate. While representing Client A, Respondent obtained an unsecured $9,000 loan from him. Respondent did not advise Client A to consult another attorney before making the loan, did not memorialize the terms of the loan in writing, and did not obtain Client A's consent in writing.

When Respondent failed to repay the loan, Client A filed suit and obtained a judgment against Respondent in the amount of $13,799.85, plus interest. Thereafter, Respondent filed bankruptcy and listed Client A as a creditor.

The Committee found that this conduct violated ER 1.8(a).

After Respondent was personally served with the formal complaint, he failed to participate in this matter. As he failed to respond to the formal complaint, the complaint was deemed admitted, pursuant to Rule 53(c)(1). Respondent failed to respond when notified of his right to be heard in mitigation. He was notified of his right to object to the report of the Hearing Committee and to file a statement on review, but did neither. He did not request oral argument before the Commission.

### Discussion of Decision

Respondent was disbarred by order of the Supreme Court on September 25, 1991, for, among other things, failing to remit insurance proceeds belonging to a client and converting client funds. Although the conduct at issue here occurred three years before Respondent was disbarred, the Commission believes the similarity of the misconduct deserves consideration.

The present matter also concerns Respondent's problems with handling a client's money. Respondent borrowed money from a client without advising him to seek the advice of another attorney. He failed to transmit the terms of the loan in writing. He failed to repay the loan. He then went so far as to list Client A as a creditor when he filed bankruptcy. Further, Respondent made no effort to explain his actions to, or cooperate with, the Hearing Committee or the Commission.

The Commission believes this conduct is egregious enough, on its own, to warrant the imposition of a serious sanction. Respondent engaged in conduct involving a clear conflict of interest without seeking to protect his client, and he knowingly injured his client by failing to repay the loan, then listing the client as a creditor on the bankruptcy. The serious nature of Respondent's misconduct, combined with his cavalier attitude toward his client and these proceedings, lead the Commission to conclude that disbarment is appropriate.

RESPECTFULLY SUBMITTED this <u>5th</u> day of <u>March</u>, 1993.

/s/  <u>Raymond W. Brown</u>
Raymond W. Brown, Chair
Disciplinary Commission